UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY L. JONES,
     Plaintiff,

v.                             Case No. 2:24-cv-1050-SPC-NPM

LIEUTENANT KELLER, et al.,
     Defendants.
_____/

## ORDER

Before the Court is the Defendants' motion to dismiss Jones's civil rights complaint.  (Doc. 20).

## Background

Jones, a Florida prisoner proceeding in forma pauperis, brings a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  He sues Florida Department of Corrections employees Lieutenant Keller, Sergeant Duncan, Officer Davis, and Sergeant Hughes in their individual and official capacities. *(Id*. at 2-3).  The Court summarizes the factual background as pled in Jones's complaint, which the Court must take as true in determining whether the complaint states a plausible claim.  *See Chandler v. Sec'y, Fla. Dep't of Transp*., 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On September 23, 2024, Jones attempted suicide in his cell at Charlotte Correctional Institution.  (*Id*. at 4).  Jones stated that he was suicidal, tied a

1

sheet around his neck, and tried to tie the sheet to the light in his cell. (*Id.* at 5). Sergeant Gervais[1] saw Jones and heard him say that he was suicidal. (*Id.*) Sergeant Gervais informed Lieutenant Keller, who directed Sergeant Duncan to spray Jones with a chemical agent. (*Id.*) Jones's disorderly actions had ceased, but Sergeant Duncan deployed the chemical spray numerous times through a flap into Jones's cell. (*Id.*)

After the "third burst of spray . . . a voice in [Jones's] head told [him]" that the officers would kill him if he did not get away. (*Id.* at 5-6). Jones tried to "escape the cell by running out." (*Id.* at 5). But Jones was blocked by an officer's shield, and Officer Davis stepped on Jones's foot to stop him. (*Id.* at 6). Officer Davis and Sergeant Hughes "jammed" the cell door on Jones. (*Id.*) As this occurred, Officer Davis was holding Jones, and someone was kicking him. (*Id.*) Lieutenant Keller had to push Officer Davis out of the way so that Jones could move. (*Id.*) Jones's property and bedding were removed from his cell. (*Id.*) But the cell was not cleaned of the chemical agent residue. (*Id.*) Lieutenant Keller forced Jones to sleep in the cell that night. (*Id.*)

As a result of these events, Jones's left side was sore for days. (*Id.* at 7). His body and eyes also burned for days while he "constantly sneezed and

---

[1] Sergeant Gervais was not identified in the section of the complaint for listing defendants. He is not named as a party in the Court's electronic filing system and was not served with the complaint in this case.

coughed," and he became "more depressed and paranoid." (*Id.*) Lieutenant Keller prevented him from seeing mental health personnel. (*Id.* at 6-7).

Jones alleges that the Defendants violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment, depriving him of due process, and violating "policy and procedure." (*Id.* at 3). Jones seeks money damages and declaratory relief. (*Id.* at 7).

## Legal Standards

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege

3

more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Jones files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Jones is representing himself in this case. Although a court must construe pro se complaints liberally, pro se complaints "still must allege factual allegations that 'raise a right to relief above the speculative level.'" *Owens v. Sec'y, Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)).

## Discussion

### A. Eleventh Amendment Sovereign Immunity

The Defendants argue that Jones's official capacity claims should be dismissed based on Eleventh Amendment sovereign immunity. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan,* 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Id.* at 663. "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* In other words, the bar protects state officials sued in their official capacities but not their individual capacities. *Melton v. Abston*, 841 F.3d 1207, 1234-35 (11th Cir. 2016).

Congress has not abrogated Florida's immunity and Florida has not waived its Eleventh Amendment immunity. *See Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). Jones cannot sue the Defendants for money damages in their official capacities.

In addition to seeking money damages, Jones seeks declaratory relief. A limited exception to Eleventh Amendment sovereign immunity exists where a

5

plaintiff alleges that state officials are engaged in an ongoing violation of federal law and seeks prospective equitable relief, including declaratory relief. *See Summit Med. Assoc, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (addressing the exception set out in *Ex parte Young*, 209 U.S. 123 (1908)).

This exception does not apply to Jones's claims. "[A] plaintiff may not use the [*Ex parte Young*] doctrine to adjudicate the legality of past conduct." *Summit Med. Assoc.*, 180 F.3d at 1337. When analyzing whether the *Ex parte Young* exception is applicable, a court "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Because Jones's complaint only involves past events, the *Ex parte Young* exception to Eleventh Amendment sovereign immunity does not apply to his official capacity claims for declaratory relief.

The Defendants are entitled to Eleventh Amendment sovereign immunity on Jones's official capacity claims. Even though amendment of these claims would be futile, their dismissal is without prejudice because "[s]overeign immunity is jurisdictional in nature" and "[d]ismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) (citations omitted).

6

## B. Failure to State a Claim

The Court addresses the Defendants' argument that Jones's individual capacity claims should be dismissed for failure to state a claim upon which relief may be granted.  Jones alleges deprivations of his Eighth Amendment right to be free from cruel and unusual punishment.  (Doc. 1 at 3).  Under the Eighth Amendment, a prisoner may challenge the use of excessive force, specific conditions of confinement, and the deliberate indifference to his serious medical needs.  *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010).

### 1. Excessive Force

Jones alleges that the Defendants used excessive force against him. To succeed on an Eighth Amendment excessive force claim, a plaintiff must make both an objective showing and a subjective showing.  The objective showing is met when the official's actions were "harmful enough . . . or sufficiently serious . . . to violate the Constitution." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265-66 (11th Cir. 2020) (citations omitted). Force violates the Eighth Amendment if it "offends contemporary standards of decency, regardless of whether significant injury is evident." *Id.*

To establish the subjective element, a plaintiff must allege facts showing that the official acted with a sufficiently culpable state of mind.  "[T]o have a valid claim . . . the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm," as opposed to "a good faith effort

7

to maintain or restore discipline." *Id.* at 1265 (citation omitted). Factors relevant to this inquiry include: (1) the extent of the prisoner's injury; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat that was reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

But "[t]he infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (citation omitted). And prison officials' actions should be viewed in light of the broad deference afforded them in preserving order and security. *Hudson*, 503 U.S. at 6.

Jones has not alleged facts establishing the objective element of excessive force concerning either the chemical spray or his restraint. Jones alleges that, on Lieutenant Keller's orders, Sergeant Duncan sprayed him with a chemical agent even though he was not disruptive. But Jones had announced that he was suicidal and apparently attempted to hang himself by tying the sheet that was already around his neck to the light in his cell.

These factual allegations support a reasonable inference that Lieutenant Keller ordered Sergeant Duncan to use the chemical spray in an effort to gain

control of Jones and stop his suicide attempt. Jones has not shown that deploying chemical spray under these circumstances was "harmful enough" or "sufficiently serious" to satisfy the objective element inquiry of an excessive force claim. *See, e.g.*, *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1245 (11th Cir. 2003) (stating that chemical spray "is an especially noninvasive weapon and may be one very safe and effective method of handling a violent suspect who may cause further harm to himself or others").

Jones also alleges that Sergeants Duncan and Hughes used excessive force when they stopped him and "slammed the door against [his] body." (Doc. 1 at 7). But Jones concedes that he had "tried to escape his cell by running out." (*Id.* at 5). He does not allege how long he was "slammed" against the door, whether he was fully out of his cell, or whether he resisted officers. Because Jones's allegations lack sufficient fact pleading describing the circumstances and the Defendants' conduct, Jones's allegations do not establish the objective component of the excessive force inquiry.

Nor do Jones's factual allegations show that any Defendant acted with the state of mind necessary to show the subjective component of an excessive force claim. The Defendants used force on Jones when he attempted suicide and then tried to run from his cell. Jones has alleged no facts from which the Court can draw the reasonable inference that any Defendant "sadistically and maliciously applied" force against Jones "for the very purpose of causing

9

harm," rather than for the purpose of restoring order. *See Sconiers*, 946 F.3d at 1265. Accordingly, Jones's claim for excessive force is dismissed without prejudice.

## 2. Due Process Violation/Conditions of Confinement

Jones also alleges a due process violation, but he does not clearly identify the Defendants' acts or omissions that violated his due process rights. If Jones intends to bring a claim alleging that the conditions of confinement were unconstitutional because he was required to sleep in a cell still contaminated with the chemical spray, the complaint fails to state a claim upon which relief may be granted.

The Eighth Amendment's prohibition on imposing cruel and unusual punishments extends to the conditions of a prisoner's confinement. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (internal quotation marks and citation omitted). "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Id.* at 1289. To violate the Eighth Amendment, a condition must be "extreme." *Id.*

The prison officials responsible for the condition must have acted with deliberate indifference. An official acts with deliberate indifference "if he (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness." *Stalley*

10

*v. Cumbie*, 124 F.4th 1273, 1283 (11th Cir. 2024) (citing *Farmer v. Brennan*, 511 U.S. 825, 836-40 (1994)).  To demonstrate "subjective recklessness," a plaintiff must show that "the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Stalley*, 124 F.4th at 1283-84 (quoting *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024)).

Jones alleges that his cell was not cleaned and that his bedding and belongings were removed from the cell.  But because Jones does not allege facts showing that these conditions caused the wanton and unnecessary infliction of pain, he has not sufficiently alleged that the conditions in the cell were so extreme as to violate the Eighth Amendment.  Further, Jones's allegations do not show that Lieutenant Keller acted with deliberate indifference in requiring Jones to sleep in the cell.  Jones's claim alleging unconstitutional conditions of confinement is therefore dismissed without prejudice.

### 3. Violations of Policies and Procedures

Jones alleges that Lieutenant Keller violated "policies and procedures" by preventing him from receiving mental health treatment during a psychological emergency.  If Jones intends to bring a claim for deliberate indifference to his serious medical need, he has failed to state a claim upon which relief may be granted.

11

To state a claim for deliberate indifference to a serious medical need under the Eighth Amendment, a plaintiff must show (1) that he "had a serious medical need," (2) the prison official's "deliberate indifference to that need," and (3) "causation between that deliberate indifference and [the prisoner's] injury." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). A serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. The standard for showing that an official acted with deliberate indifference is stated above.

Jones's unelaborated allegations that Lieutenant Keller kept him from receiving mental health treatment are insufficient to show deliberate indifference to his serious medical need. Jones has not explained what acts or omissions of Lieutenant Keller prevented him from receiving treatment, how Lieutenant Keller acted with deliberate indifference, or how any deliberate indifference caused him injury. Accordingly, any claim for deliberate indifference to Jones's serious medical need is dismissed without prejudice.

Because this order dismisses Jones's claims without prejudice to his filing an amended complaint, the Court does not reach the Defendants' other arguments for dismissal.

Accordingly it is

**ORDERED**:

12

1. The Defendants' Motion to Dismiss, (Doc. 20), is **GRANTED**.

2. Jones's Complaint, (Doc. 1), is **DISMISSED without prejudice**. Jones may file an amended complaint within **21 days** of the date of this order.

   a. The amended complaint will supersede the original complaint. Therefore, the amended complaint must contain all claims for relief. It may not refer to or incorporate the original complaint.

3. If Jones fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

4. The **CLERK** is directed to send Jones a blank prisoner civil rights complaint form.

5. Jones must advise the Court of any change of address.

6. **The failure to comply with this order will result in the dismissal of this case without further notice.**

13

**DONE** and **ORDERED** in Fort Myers, Florida, on March 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

14