UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY L. JONES,

Plaintiff,

v. Case No. 2:24-cv-1050-SPC-NPM

SARGEANT HUGHES, et al.,

Defendants.

---

**ORDER**

This is civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Johnny L. Jones, *pro se*, a Florida state prisoner confined at the Charlotte Correctional Institution (CCI) in Punta Gorda, Florida. The action is now before the Court on Jones's motion for an "Injunction, Order for Emergency Transfer and Transfer to Another Prison (Correctional Institution)," filed on September 18, 2026. (Doc. 38). Jones's motion is denied.

**Background**

Jones filed this action in November 2024. (Doc. 1). He sued four corrections officials at CCI, identified as (1) Lieutenant Keller, (2) Sargeant Duncan, (3) Corrections Officer Davis, and (4) Sargeant Hughes. Jones's cause of action arose out of an incident on September 23, 2024, in which he attempted suicide in his cell. He asserted § 1983 claims generally alleging that the

defendants violated his Eighth Amendment rights by using excessive force and exhibiting deliberate indifference to a risk that he faced serious harm arising from his conditions of confinement and medical needs. On March 12, 2026, the Court granted the defendants motion to dismiss all claims but afforded Jones an opportunity to amend. (Doc. 28).

On April 27, 2026, Jones filed an amended complaint. (Doc. 31). He named the same four defendants, although Keller is now identified as having the rank of captain rather than lieutenant. The amendment again asserts § 1983 claims revolving around Jones's attempted suicide on September 23, 2024. On June 10, 2026, Defendants moved to dismiss the amended complaint. (Doc. 34). Jones filed a response in opposition on July 13, 2026. (Doc. 36). The motion to dismiss remains pending.

On September 18, 2026, Jones filed his instant motion requesting a transfer to another correctional institution. (Doc. 38). He claims his "life is in constant danger" at CCI and that he "is being constantly abused and harassed." He claims he is also being "retaliated against" and "targeted" for filing this and other lawsuits and grievances and for having his family file complaints.

In support, Jones's motion alleges that, on May 27, 2026, he was assaulted by a corrections officer until "his face and eye was swollen shut." Jones's motion does not identify the official. However, Jones does reference

another civil action says he filed in this Court, "Jones v. Whitt." The Court is aware that, on July 30, 2026, Jones filed an action, also assigned to the undersigned, alleging that the sole defendant, a CCI corrections officer "J. Whitt," assaulted Jones on May 27, 2026. *See Jones v. Whitt*, No. 2:26-cv-2268-SPC-NPM, Doc. 1, Complaint (M.D. Fla. July 30, 2026).

Jones's motion further recites that, shortly after that incident, he was "harassed" by a Sargeant Richter. Specifically, Jones recounts being "placed on strip (no clothes or bed linings) and on management meal because [Richter] said [Jones] had a spoon in his cell." Jones claims he was later called to the warden's office and "warned" about having his family and friends filing complaints and grievances, which had caused the warden to receive "a lot" of emails. A week after that, Jones alleges, "the STG Sargeant Spry" came to Jones's cell and confiscated his computer tablet, claiming Jones had violated a prison rule Jones suggests does not exist. Finally, Jones claims he was "also taken from C.M. [Close Management level] III and [was] getting ready to go to the compound to [be] placed on C.M. [Close Management] level I."

**Discussion**

Jones's Emergency Motion is in substance an application for a preliminary injunction based on a claim that he faces a continuing threat of harm. *See, e.g., Moore v. Dooly SP Warden*, No. 22-10453, 2023 WL 5927138, at *7–8 (11th Cir. Sept. 12, 2023). Granting or denying a preliminary

injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). To be entitled to a preliminary injunction, a plaintiff must establish:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury if the injunction were not granted;
>
> (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and
>
> (4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" on all four prerequisites. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983). The Court concludes Jones fails to establish any of the required elements.

Jones's motion claims generally that his "life is in constant danger" at CCI and that he "is being constantly abused and harassed." Courts are authorized under § 1983 to order a prisoner's transfer to a different facility where the court finds the prisoner's life is put in danger by his current

assignment. *See Street v. Hopper*, 618 F.2d 1178, 1181–82 (5th Cir. 1980)[1]. However, "the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Accordingly, Prisoners do not generally possess a constitutional right to an assignment to either a particular prison or a particular security level within a prison. *See Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018); *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011).

Moreover, to demonstrate entitlement to injunctive relief, a plaintiff "must show past injury *and* a real and immediate threat of future injury." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) (emphasis added). "[W]ithout any threat of future injury, injunctive relief is unavailable." *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1176 (11th Cir. 2019). Jones's factual allegations do not support that he faces a threat of grave or imminent danger of serious harm in the future. His complaint alleges misconduct by four defendants in response to a discrete incident, Jones's suicide attempt, approximately two years ago. Jones does not claim any of those defendants have caused or threatened harm

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

to him since. Nor does Jones allege that any of the defendants has authority to order his transfer to another prison facility.

Jones does claim that another corrections officer named Witt used excessive force in assaulting him about four months ago. However, Whitt is not a defendant in this action, and Jones has not shown how that incident has anything to do with this case. Nor has Jones explained how that assault implicates a threat of serious future injury. While a "plaintiff's exposure to illegal conduct in the past is ... evidence bearing on whether there is a real and immediate threat of repeated injury," "past wrongs do not in themselves amount to that real and immediate threat of injury necessary" for injunctive relief. *Houston*, 733 F.3d at 1336 (quotations omitted).

Finally, Jones also complains that: (1) a Sgt. Richter placed him on "strip" cell status, with no regular clothing or bedding, and "management meal"; (2) a Sgt. Spry confiscated Jones's computer tablet; (3) the CCI warden or someone in his office "warned" Jones about his family members making complaints; and (4) he was moved to a more restrictive level of confinement, from Close Management level III to level I. But, again, Jones does not allege any of those actions were taken by a defendant in this action. *See Johnson v. Garner*, No. 3:22-CV-702-BJD-PDB, 2022 WL 16539097, at *2 (M.D. Fla. Oct. 28, 2022) (denying a prison transfer and other injunctive relief where the plaintiff sought "relief from individuals who are not named Defendants based

on conduct that occurred after he initiated this action"). Even assuming for the sake of argument that one or more of those actions might have violated Jones's constitutional rights, they are all plainly susceptible to being remedied by an award of damages and do not implicate an irreparable injury or show a threat of serious future harm that might necessitate a transfer to a different prison. *See Saintlot v. Whitehead*, No. 318CV00441TKWMAF, 2020 WL 8188203, at *2 (N.D. Fla. Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 185241 (N.D. Fla. Jan. 19, 2021); *Cooley v. Streeter*, No. CV 1:18-00540-JB-N, 2019 WL 7790582, at *1–2 (S.D. Ala. Dec. 26, 2019), *report and recommendation adopted*, 2020 WL 476368 (S.D. Ala. Jan. 29, 2020).

Accordingly, it is now

**ORDERED:**

Plaintiff Johnny L. Jones's motion for an "Injunction, Order for Emergency Transfer and Transfer to Another Prison (Correctional Institution)," filed on September 18, 2026 (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2026.

Sheri Polster Chappell
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-3
Copies: All Counsel and Parties of Record